MARÍA NEGRÓN VDA. DE RODRÍGUEZ, recurrente, *v.* LA COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., y GUILLERMO ATILES MORÉU, ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurridos.

Número 480.
*Sometido:* 8 de marzo de 1954. *Resuelto:* 9 de abril de 1954.

302

*Luis A. Negrón López,* abogado de la recurrente; *Donald R. Dexter, Aida Casañas O'Connor* y *Gustavo Wiscovitch,* abogados del Administrador del Fondo del Seguro del Estado.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

Juan Ramón Rodríguez Vega, esposo de la recurrente, falleció el día 21 de julio de 1951 en un accidente de automóviles, en el curso, y como consecuencia de su trabajo como obrero de un patrono. Le sobrevivieron su viuda, la aquí recurrente, y diez hijos de dos matrimonios, todos ellos mayores de 21 años de edad. El día 23 de noviembre de 1951, la viuda y los diez hijos de Rodríguez Vega radicaron en el antiguo Tribunal de Distrito de Puerto Rico, Sección de Mayagüez, una demanda de daños y perjuicios contra el dueño del vehículo que causó la muerte del obrero Rodríguez Vega y contra la persona que conducía ese vehículo. El litigio terminó en virtud de una transacción entre las partes, formalizada el 16 de junio de 1952, recibiendo la recurrente la cantidad de ochocientos dólares y recibiendo los diez hijos otras sumas de dinero.

El día 22 de abril de 1953 el Administrador del Fondo del Seguro del Estado dictó una decisión en el caso sometido a su consideración con respecto al accidente ya mencionado, caracterizándolo como un accidente del trabajo y adjudicando, por vía de compensación, a la recurrente y a dos nietos dependientes del obrero fallecido, la cantidad de dos mil doscientos cincuenta y ocho dólares, correspondiéndole a la viuda la suma de $1,806.40 y la suma de $451.60 a los nietos. Los hijos no fueron considerados como beneficiarios, ya que ellos no dependían del obrero al tiempo de su muerte. En la decisión del Administrador, él descontó de la cantidad adjudicada a la

recurrente la suma de ochocientos dólares, por haber recibido ella esa suma como resultado del litigio que había sido entablado en el tribunal de Mayagüez, indicando el Administrador que descontaba tal suma "en armonía con las disposiciones del artículo 31 de la vigente Ley de Compensaciones por Accidentes del Trabajo."

La recurrente apeló de la decisión del Administrador para ante la Comisión Industrial, y esta última confirmó la decisión del Administrador y luego declaró sin lugar una moción de reconsideración interpuesta por la recurrente, quien ha interpuesto un recurso de revisión ante este Tribunal.

 Este caso se rige por las disposiciones de la Ley núm. 16, aprobada el 12 de abril de 1948 ( (1) pág. 29), que enmendó el artículo 31 de la Ley de Compensaciones por Accidentes del Trabajo, en la forma siguiente:

"Artículo 31.—En los casos en que la lesión, enfermedad ocupacional o la muerte que dan derecho al obrero, empleado o sus beneficiarios a compensaciones, de acuerdo con esta Ley, le hubiere provenido bajo circunstancias que hacen responsables a terceras personas de tal lesión, enfermedad o muerte, el obrero o empleado lesionado o sus beneficiarios podrán reclamar y obtener daños y perjuicios de la tercera persona responsable de dicha lesión, enfermedad o muerte dentro del año subsiguiente a la fecha de la resolución final del caso por el Administrador del Fondo del Seguro del Estado, y éste podrá subrogarse en los derechos del obrero, empleado o sus beneficiarios para entablar la misma acción en la forma siguiente:

"Cuando un obrero o empleado lesionado, o sus beneficiarios en caso de muerte, tuvieren derecho a entablar una acción por daños en contra de una tercera persona, en aquellos casos en que el Fondo del Seguro del Estado, de acuerdo con los términos de esta Ley, estuviere obligado a compensar en alguna forma, o a proporcionar tratamiento, el Administrador del Fondo del Seguro del Estado se subrogará en los derechos del obrero o empleado, o de sus beneficiarios, y podrá entablar procedimientos en contra de la tercera persona, y en nombre del obrero o empleado, o de sus beneficiarios, dentro de los noventa días siguientes a la fecha de la resolución final del caso, y cualquier suma que como resultado de la acción, o a virtud de transacción

judicial se obtuviere en exceso de los gastos incurridos en el caso se entregará al obrero o empleado lesionado o a sus beneficiarios, con derecho. El obrero o empleado o sus beneficiarios serán parte en todo procedimiento que entable el Administrador bajo las disposiciones de este artículo, y será obligación del Administrador notificar por escrito a las mismas de tal procedimiento dentro de los cinco (5) días de iniciada la acción.

"Si el Administrador dejare de entablar demanda contra la tercera persona responsable dentro del término de noventa días, a partir de la fecha de la resolución del caso, el obrero o empleado, o sus beneficiarios quedarán en libertad completa para entablar tal demanda en su beneficio sin que vengan obligados a resarcir al Fondo del Seguro del Estado por los gastos incurridos en el caso.

*"El obrero o empleado lesionado, o sus beneficiarios no podrán entablar demanda ni transigir cualquier derecho de acción que tuvieren contra la tercera persona responsable de los daños hasta después de transcurridos noventa días a partir de la resolución del caso por el Administrador del Fondo del Seguro del Estado.*

"Ninguna transacción que pueda llevarse a cabo entre el obrero o empleado lesionado, o sus beneficiarios en caso de muerte, y la tercera persona responsable, antes de la expiración del término de noventa días después de la resolución, o después de expirado dicho término si el Administrador tuviere radicada su demanda, tendrá valor y eficacia en derecho a menos que se satisfagan previamente los gastos incurridos por el Fondo del Seguro del Estado en el caso; y no se dictará sentencia en pleitos de esta naturaleza, ni se aprobará transacción alguna con relación a los derechos de las partes en dichos pleitos sin hacer reserva expresa de los derechos del Fondo del Seguro del Estado al reembolso de todos los gastos incurridos; *Disponiéndose que* el secretario de la corte que conozca de alguna reclamación de la naturaleza antes descrita notificará al Administrador del Fondo del Seguro del Estado sobre cualquier providencia dictada por la corte que afecte los derechos de las partes en el caso, así como de la disposición final que del mismo se hiciere.

"El Administrador del Fondo del Seguro del Estado con la aprobación del Procurador General de Puerto Rico podrá transigir sus derechos contra la tercera persona responsable de los daños; *Entendiéndose,* sin embargo, que ninguna transacción extrajudicial podrá afectar los derechos del obrero o empleado,

o de sus beneficiarios, sin la conformidad o aprobación expresa de ellos.

"Cualquier suma obtenida por el Administrador del Fondo del Estado, por los medios dispuestos en este artículo, será ingresada en el Fondo del Seguro del Estado a beneficio del grupo particular en que se clasificaba la ocupación o la industria en que se empleaba el obrero o empleado lesionado muerto." (Bastardillas nuestras.)

De acuerdo con las disposiciones del artículo transcrito, según enmendado por la citada ley número 16 de 12 de abril de 1948, la aquí recurrente no podía radicar demanda alguna contra la tercera persona responsable de los daños hasta después de transcurridos noventa días a partir de la resolución del caso por el Administrador del Fondo del Seguro del Estado y antes de vencerse el año subsiguiente a tal resolución. La demanda presentada en el Tribunal de Mayagüez fué prematura e ineficaz en derecho, en lo que se refería a la aquí recurrente. De acuerdo con el propio artículo 31, fué nula la transacción formalizada el 16 de junio de 1952, con respecto a la recurrente y carecía de efecto legal el pago de ochocientos dólares a la recurrente. Pero no obstante la nulidad de tal transacción y la ineficacia de ese pago, el Administrador no estaba autorizado por el artículo 31 a actuar en la forma en que lo hizo en este caso, esto es, no estaba facultado para descontar la suma pagada en la transacción a la recurrente de la suma adjudicada a ella por vía de compensación. Bajo el artículo 31, el Administrador puede subrogarse en los derechos de los beneficiarios, pero esa subrogación se lleva a cabo mediante el procedimiento señalado en el artículo 31, esto es, mediante la facultad concedida al Administrador de entablar una demanda en contra de la tercera persona causante de los daños, en nombre de los beneficiarios del obrero fallecido, en este caso, dentro de los noventa días siguientes a la resolución final del caso por el Administrador. El derecho de subrogación no podía hacerse efectivo por el Administrador mediante

el procedimiento de señalar una compensación y luego descontar, él mismo, cierta suma de la compensación señalada.

██ El artículo 31, tal como quedó enmendado por la citada ley núm. 16 de 12 de abril de 1948, determina que, en aquellos casos de accidentes compensables del trabajo que son causados bajo circunstancias que hacen responsables a terceras personas, el obrero o empleado, o los presuntos beneficiarios bajo la ley de Accidentes del Trabajo, en casos de muerte, no podrán entablar demanda alguna contra la tercera persona, ni transigir sus derechos de acción, hasta tanto el Administrador del Fondo del Seguro del Estado haya emitido una resolución final y hasta tanto hayan transcurrido noventa días a partir de la resolución del Administrador, y dentro del año subsiguiente a la fecha de la resolución final del caso por el Administrador. Este último, subrogándose en los derechos del obrero o empleado, o de los beneficiarios, puede entablar una demanda en contra de la tercera persona, y en nombre del obrero o empleado, o de sus beneficiarios, dentro de los noventa días siguientes a la fecha de la resolución final del caso. Si el Administrador radica tal demanda dentro del período de tiempo señalado, y si como resultado de la acción o de alguna transacción judicial, se obtuviere alguna suma en exceso de las sumas ya concedidas por el Administrador por vía de compensación, o en exceso de los gastos incurridos en el caso ante el Administrador, tal exceso debe ser entregado por el Administrador al obrero o empleado, o a sus beneficiarios con derecho. En esa demanda entablada por el Administrador, el obrero o empleado o sus beneficiarios deben ser partes en el procedimiento, y será obligación del Administrador el notificar por escrito a tal obrero o empleado o a tales beneficiarios, dentro de los cinco días de iniciada la acción. Si el Administrador no radica demanda alguna contra la tercera persona dentro del término ya indicado de noventa días, el obrero o empleado, o sus beneficiarios podrán entonces entablar una demanda contra la tercera persona, en su propio beneficio, sin

que estén obligados a resarcir al Fóndo del Seguro del Estado por los gastos incurridos por el Fondo. Ello implica que la omisión por el Administrador de presentar una demanda dentro del término de noventa días después de su resolución final conlleva una renuncia por el Administrador de su derecho de subrogación.

Fué evidente el propósito del legislador al enmendar el artículo 31 mediante la ley 16 de 12 de abril de 1948 el de establecer un procedimiento con respecto a aquellos casos de accidentes compensables del trabajo que fuesen causados por terceras personas, mediante el cual no puede establecerse una reclamación judicial hasta que el Administrador no haya dictado una resolución final, y en virtud del cual se le concede al Administrador la primera oportunidad para acudir a los tribunales dentro del término ya mencionado de noventa días. En ese procedimiento judicial instado por el Administrador es que él puede hacer efectivo su derecho de subrogación, estando limitado ese derecho a los gastos ya incurridos por el Administrador en virtud de su resolución anterior. No surge de los autos que el Administrador haya presentado reclamación judicial contra la tercera persona que se alega que causó el accidente, dentro de los noventa días posteriores a la resolución final del Administrador. Él no ha seguido el procedimiento autorizado por la ley para hacer efectivo su derecho de subrogación y, por lo tanto, ha renunciado a tal derecho. Su omisión se debió posiblemente a que él siguió el procedimiento erróneo de pretender hacer efectivo unilateralmente tal derecho al descontar de la compensación concedida a la recurrente la suma que ella había recibido anteriormente en forma indebida, sin que tal descuento o reajuste fuese hecho por un tribunal y sin darle la oportunidad a la recurrente de ser oída ante ese tribunal.

El Administrador alega que, habiendo recibido la recurrente la suma de $800 en virtud de una transacción nula, ello equivale a un enriquecimiento injusto de ella, no debiendo

ella retener esa suma. Aceptando, a los fines del argumento, que haya mediado un enriquecimiento injusto, tal cuestión podría dilucidarse, haciéndose los reajustes correspondientes en la acción judicial que el Administrador pudo haber interpuesto, o en la que podrían interponer los beneficiarios del obrero fallecido dentro del año subsiguiente a la resolución final del Administrador. Pero tal cuestión no puede ser resuelta por el Administrador exclusivamente, como se pretendió hacer en este caso, sin presentar reclamación alguna ante los tribunales, con la intervención de la recurrente.

El Administrador cita el caso de *Del Río* v. *García*, 71 D.P.R. 93. Ese caso está gobernado exclusivamente por las disposiciones del artículo 31, tal como ese artículo regía antes de ser enmendado por la citada ley número 16 de 12 de abril de 1948. En la propia opinión en el caso de *Del Río* v. *García* se indica que ese caso no envuelve la interpretación del artículo 31, según fué enmendado por la citada ley núm. 16. Por lo tanto, el caso de *Del Río* v. *García* es inaplicable al de autos, que cae bajo el ámbito de aplicación de la ley núm. 16.

*Debe revocarse la resolución dictada por la Comisión Industrial el 23 de octubre de 1953.*