JOAQUÍN FIGUEROA ORTIZ, demandante y recurrido, *v.* NORTHERN ASSURANCE CO. OF AMERICA, demandada y recurrida; CONCEPCIÓN PÉREZ PÉREZ, demandante y recurrente, *v.* NORTHERN ASSURANCE CO. OF AMERICA, demandada y recurrida.

*Número:* R-69-61          *Resuelto:* 8 de enero de 1970

*Eddie Gaud Caraballo, E. Delgado Roque* y *Miguel A. Guzmán Soto,* abogados del recurrente, Concepción Pérez Pérez, Administrador del Fondo del Seguro del Estado; *Efraín Goglas Carvajal,* abogado del recurrido Joaquín Figueroa Ortiz.

PER CURIAM: Un obrero en funciones de su empleo sufrió un accidente que le ocasionó una tercera persona. El Administrador del Fondo del Seguro del Estado, subrogándose en los derechos del obrero, radicó demanda contra la compañía aseguradora de la persona causante del daño luego de haber expirado el término de 90 días que concede el Art. 31 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 32. ([1]) Solicitada la desestimación por ese fun-

---

([1]) En su parte pertinente dispone así el Art. 31:

"Cuando un obrero o empleado lesionado, o sus beneficiarios en caso de muerte, tuvieren derecho de entablar acción por daños contra tercero,

damento fue concedida. Se solicitó la reconsideración alegándose que el representante de la compañía aseguradora había convenido con el abogado del Administrador del Fondo que no levantaría la cuestión de que la demanda fue radicada expirado el término de 90 días.

El obrero lesionado radicó en la Sala de Ponce demanda contra la compañía aseguradora. El caso radicado en San Juan fue trasladado a la Sala de Ponce y allí se consolidó con el radicado por el obrero. En San Juan nada se dispuso sobre la moción de reconsideración radicada por el Administrador del Fondo. El Administrador reiteró en Ponce su pedido. Alegà que "mediante este escrito, respetuosamente se solicita de este Honorable Tribunal, releve al aquí compareciente de la antes referida resolución del Tribunal Superior de San Juan, ya que mediante conversaciones habidas entre el gerente de la demandada Northern Assurance Co. of America, señor Enrique Alonso, y el abogado que suscribe, se interrumpió el término que teníamos para radicar demanda y además la demandada renunció a la alegación de caducidad o prescripción en este caso."

---

en los casos en que el Fondo del Seguro del Estado, de acuerdo con los términos de este capítulo, estuviere obligado a compensar en alguna forma, o a proporcionar tratamiento el Administrador del Fondo del Seguro del Estado se subrogará en los derechos del obrero o empleado, o de sus beneficiarios, y podrá entablar procedimientos en contra del tercero en nombre del obrero o empleado, o de sus beneficiarios, dentro de los noventa (90) días siguientes a la fecha en que la decisión fuere firme y ejecutoria, y cualquier suma que como resultado de la acción, o a virtud de transacción judicial o extrajudicial se obtuviere en exceso de los gastos incurridos en el caso se entregará al obrero o empleado lesionado o sus beneficiarios con derecho a la misma. El obrero o empleado o sus beneficiarios serán parte en todo procedimiento que estableciere el Administrador bajo las disposiciones de esta sección, y será obligación del Administrador notificar por escrito a las mismas de tal procedimiento dentro de los cinco (5) días de iniciada la acción.

Si el Administrador dejare de entablar demanda contra la tercera persona responsable, según se ha expresado en el párrafo anterior, el obrero o empleado, o sus beneficiarios quedarán en libertad completa para entablar tal demanda en su beneficio, sin que vengan obligados a resarcir al Fondo del Seguro del Estado por los gastos incurridos en el caso."

El juez de instancia declaró sin lugar la moción del Administrador.

Aparte del hecho de que no se presentó prueba para sostener la alegación de que existía un convenio entre el Administrador del Fondo y la compañía aseguradora para extender el término de 90 días que el Administrador tiene para radicar su demanda, no vemos cómo pueda celebrarse tal convenio a espaldas del obrero lesionado, y sin tener en cuenta los derechos de éste. La ley es clara. Si dentro de los noventa días el Administrador no radica la demanda, "el obrero o empleado o sus beneficiarios quedarán en libertad completa para entablar la demanda en su beneficio, sin que vengan obligados a resarcir al Fondo del Seguro del Estado por los gastos incurridos en el caso." En *Negrón v. Comisión Industrial*, 76 D.P.R. 301, 308 (1954), expresamos: ". . . la omisión por el Administrador de presentar una demanda dentro del término de noventa días después de su resolución final conlleva una renuncia por el Administrador de su derecho de subrogación." Cualquier convenio que hubiera celebrado el Administrador con la compañía aseguradora carecía de validez y era inoperante.

*Se confirmará la sentencia recurrida.*

El Juez Presidente Señor Negrón Fernández no intervino.

