EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Juan Arzuaga Monserrate; Corporación del Fondo del Seguro del Estado<br><br>Peticionarios<br><br>v.<br><br>Empresas Ortiz Brunet, Inc.; Cantera San Antonio, Inc.; Eliezer Dávila Díaz; Triple S Propiedad, Inc.<br><br>Recurridos | Certiorari<br><br>2023 TSPR 44<br><br>211 DPR ___ |

Número del Caso: CC-2022-0379

Fecha: 10 de abril de 2023

Tribunal de Apelaciones:

Panel III

Abogado de la parte peticionaria:

Lcdo. Ricardo A. Álamo Pérez

Abogados de los recurridos:

**Triple S Propiedad**
Lcdo. Ricardo Antonio Ramírez Lugo

**Eliezer Dávila Díaz**
Lcdo. Eduardo R. Jenks Carballeira

Materia: Responsabilidad Civil Extracontractual – Efecto de la desestimación por inactividad de una acción de subrogación presentada por la Corporación del Fondo del Seguro del Estado al amparo de la Ley del Sistema de Compensaciones por Accidentes del Trabajo.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| Juan Arzuaga Monserrate; Corporación del Fondo del Seguro del Estado<br><br>        Peticionarios<br><br>               v.<br><br>Empresas Ortiz Brunet, Inc.; Cantera San Antonio, Inc.; Eliezer Dávila Díaz; Triple S Propiedad, Inc.<br><br>        Recurridos |  CC-2022-0379 | *Certiorari* |

Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco

En San Juan, Puerto Rico, a 10 de abril de 2023.

El recurso presentado requiere que examinemos el efecto que tiene la desestimación por inactividad de una acción de subrogación presentada por la Corporación del Fondo del Seguro del Estado (CFSE) al amparo de la Ley Núm. 45 de 18 de abril de 1935, según enmendada, conocida como Ley del Sistema de Compensaciones por Accidentes del Trabajo, 11 LPRA sec. 1 *et seq*. Específicamente, debemos resolver si el término de noventa (90) días que tiene la CFSE para presentar una acción de subrogación contra el tercero responsable de

los daños de un obrero es de caducidad, y por lo tanto, no es susceptible de interrupción alguna.

**I**

El 10 de septiembre de 2014, el Sr. Juan Arzuaga Monserrate sufrió un accidente mientras trabajaba para su patrono, Cantera Hipódromo, Inc. La CFSE le proveyó tratamiento médico hasta el 30 de diciembre de 2016, fecha en que fue notificada la determinación final del trámite administrativo. La determinación advino final y firme el 29 de enero de 2017.

El 24 de abril de 2017, el señor Arzuaga Monserrate y la CFSE (en conjunto, parte peticionaria) presentaron una demanda de daños y perjuicios a favor del señor Arzuaga Monserrate y una reclamación en subrogación a favor de la CFSE por los gastos incurridos en su tratamiento y compensación (demanda original). No obstante, el 5 de abril de 2021, el Tribunal de Primera Instancia notificó a las partes la desestimación sin perjuicio de la demanda por inactividad a tenor con las disposiciones de la Regla 39.2(b) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(b).

Así las cosas, el 28 de julio de 2021 los peticionarios presentaron una Demanda y Demanda en Subrogación contra los codemandados Empresas Ortiz Brunet, Inc., Cantera San Antonio Inc., Eliezer Dávila Díaz, Triple S Propiedad, Inc.,

y otros demandados desconocidos (en conjunto, parte recurrida). Esta contenía las mismas alegaciones de la demanda original.[1]

El 6 de diciembre de 2021, los recurridos presentaron una Moción de Desestimación.[2] Argumentaron que la causa de acción por concepto de responsabilidad civil extracontractual estaba prescrita. Además, sostuvieron que la acción en subrogación de la CFSE había caducado, pues ya habían transcurrido los noventa (90) días contados a partir de la resolución del Administrador conforme al Art. 29 de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, *supra*.[3] Por otro lado, la parte peticionaria presentó una Moción en Oposición a Desestimación en la que expuso que la determinación final de la CFSE advino firme y ejecutable el 29 de enero de 2017, por lo que fue entonces que se activaron los términos prescriptivos para presentar la causa de acción. Sostuvo que la demanda siguió su trámite judicial hasta el

---

[1] El Sr. Juan Arzuaga Monserrate y la Corporación del Fondo del Seguro del Estado (parte peticionaria) sostienen en la demanda que el 10 de septiembre de 2014, el señor Arzuaga Monserrate realizaba funciones como obrero para su patrono, cuando el Sr. Eliezer Dávila Díaz emprendió la marcha en retroceso de un vehículo propiedad de Empresas Ortiz Brunet, Inc. Indican que de manera sorpresiva, a demasiada velocidad y sin tomar las debidas precauciones, impactó al señor Arzuaga Monserrate. Este cayó al suelo y la goma trasera del vehículo pasó por encima de su pierna izquierda. Apéndice de *Certiorari*, pág. 45. El 7 de octubre de 2022, presentaron Demanda y Demanda de Subrogación Enmendada.

[2] El 6 de diciembre de 2021, Empresas Ortíz Brunet, Inc., y el Sr. Eliezer Dávila Díaz presentaron una Moción de Desestimación a la que se unió Triple S Propiedad, Inc., el 8 de diciembre de 2021.

[3] Apéndice de *Certiorari*, págs. 53-56.

5 de abril de 2021 cuando fue notificada la Sentencia de Desestimiento sin perjuicio. Luego de esta advenir final y firme, el 5 de mayo de 2021, comenzaron a transcurrir nuevamente los términos prescriptivos para presentar oportunamente la causa de acción. Por lo tanto, sostuvo que la Demanda y Demanda en Subrogación fueron presentadas oportunamente el 28 de julio de 2021.

Luego de varios eventos procesales, el 2 de febrero de 2022 el foro primario declaró No Ha Lugar la Moción de Desestimación presentada, tras determinar que la Demanda y Demanda en Subrogación había sido presentada dentro del término de noventa (90) días establecido en el Art. 29 de la Ley Núm. 45, supra.

Inconforme, la parte recurrida acudió ante el Tribunal de Apelaciones y sostuvo que el término de noventa (90) días que tiene el Administrador de la CFSE para presentar su acción de subrogación es de caducidad.[4] Mediante sentencia emitida y notificada el 28 de abril de 2022, el foro apelativo intermedio revocó parcialmente la resolución recurrida. Determinó que ante la desestimación sin perjuicio de la Demanda y Demanda en Subrogación, los términos prescriptivos comenzaron a transcurrir nuevamente desde la notificación del archivo en autos de la notificación de la

---

[4] Los recursos de *certiorari* presentados por Empresas Ortiz Brunet, Inc. y Triple S Propiedad, Inc., fueron consolidados.

sentencia, es decir, el 5 de abril de 2021 y, por lo tanto, la CFSE tenía hasta el 4 de julio de 2021 para presentar la demanda de subrogación. No obstante, esta fue presentada el 28 de julio de 2021.

El 12 de mayo de 2022, la CFSE solicitó reconsideración, la cual fue denegada por el foro apelativo intermedio. Oportunamente, la CFSE compareció mediante *Certiorari* y señaló como único error:

> Erró el Honorable Tribunal de Apelaciones en la aplicación del derecho vigente al determinar que el término de noventa (90) días que según la Ley del Sistema de Compensaciones por Accidentes del Trabajo tiene la CFSE para presentar su acción en subrogación, comienza a transcurrir desde la fecha en que se archiva en autos la notificación de la Sentencia de Desestimación Sin Perjuicio, y no considerar el término de treinta (30) días establecido para recurrir de la misma. Cuando transcurrido dicho término, esta adviene final, firme y ejecutable a los fines de poder radicar la acción en subrogación de la CFSE.

El 28 de octubre de 2022, concedimos a los recurridos un término de treinta (30) días para mostrar causa por la cual no se deba revocar la Sentencia recurrida. Contando con sus comparecencias, expedimos el recurso y estamos en posición de resolver.[5]

---

[5] Triple S Propiedad, Inc. compareció el 1 de diciembre de 2022; el Sr. Eliezer Dávila Díaz compareció el 5 de diciembre de 2022 y Empresas Ortiz Brunet, Inc. compareció el 15 de diciembre de 2022.

## II

### A.

La Ley del Sistema de Compensaciones por Accidentes del Trabajo, *supra*, surgió como una medida de protección social para garantizar la compensación del obrero contra riesgos a su salud relacionados con el trabajo. 11 LPRA sec. 1a. Véase además, *SLG Ortiz-Cintrón v. Rivera Núñez et al.*, 194 DPR 936, 941-942 (2016). Para ello, establece un sistema compulsorio y exclusivo de aportación patronal a un fondo estatal de seguros (Fondo) administrado por la CFSE. El Fondo, a su vez, brinda a los obreros y empleados remedios compensatorios por lesiones, incapacidad productiva o muerte a consecuencia de un accidente o una enfermedad ocupacional. *Saldaña Torres et al. v. Mun. San Juan*, 198 DPR 934, 942-943 (2017); *Sevilla v. Municipio Toa Alta*, 159 DPR 684 (2003); *Martínez v. Bristol Myers, Inc.*, 147 DPR 383, 395 (1999).

A cambio de esta aportación patronal, la ley ofrece al obrero lesionado una compensación segura, inmediata y cierta en comparación a una reclamación ordinaria en daños, mientras que reconoce la inmunidad del patrono asegurado contra acciones por daños y perjuicios de sus empleados.[6] Además, la CFSE asume los gastos de tratamiento médico y compensación sin derecho a reembolso, independientemente de quien fue la

---

[6] *SLG Ortiz-Cintrón v. Rivera Núñez et al.*, 194 DPR 936 (2016); *Martínez v. Bristol Myers, Inc.*, 147 DPR 383 (1999).

negligencia. *Saldaña Torres et al. v. Mun. San Juan*, supra, pág. 943; *Sevilla v. Municipio Toa Alta*, supra, pág. 690.

No obstante, cuando la lesión, enfermedad o muerte del empleado sea imputable a un tercero, la ley no exime de responsabilidad a esta persona ajena a la relación patrono-obrero. *Sevilla v. Municipio Toa Alta*, supra, pág. 690; *Guzmán y otros v. De Jesús*, 155 DPR 296, 302-303 (2001). Es más, reconoce expresamente una causa de acción en contra del tercero responsable bajo los principios de responsabilidad civil extracontractual.[7] 11 LPRA sec. 32. Para esta acción

---

[7] El Art. 29 de la Ley Núm. 45 de 18 de abril de 1935, según enmendada, conocida como Ley del Sistema de Compensaciones por Accidentes del Trabajo, 11 LPRA sec. 32, dispone que:

En los casos en que la lesión, enfermedad profesional o la muerte que dan derecho de compensación al obrero, empleado o sus beneficiarios, de acuerdo con este capítulo, le hubiere provenido bajo circunstancias que hicieren responsables a tercero de tal lesión, enfermedad o muerte, el obrero o empleado lesionado o sus beneficiarios podrán reclamar y obtener daños y perjuicios del tercero responsable de dicha lesión, enfermedad o muerte dentro del año subsiguiente a la fecha en que fuere firme la resolución del caso por el Administrador del Fondo del Seguro del Estado, y éste podrá subrogarse en los derechos del obrero, empleado o sus beneficiarios para entablar la misma acción en la forma siguiente:

Cuando un obrero o empleado lesionado, o sus beneficiarios en casos de muerte, tuvieren derecho a entablar acción por daños contra tercero, en los casos en que el Fondo del Seguro del Estado, de acuerdo con los términos de este capítulo, estuviere obligado a compensar en alguna forma, o a proporcionar tratamiento, el Administrador del Fondo del Seguro del Estado se subrogará en los derechos del obrero o empleado, o de sus beneficiarios, y podrá entablar procedimientos en contra del tercero en nombre del obrero o empleado, o de sus beneficiarios, dentro de los noventa (90) días siguientes a la fecha en que la decisión fuere firme y ejecutoria, y cualquier suma que como resultado de la acción, o a virtud de transacción judicial o extrajudicial se obtuviere en exceso de los gastos incurridos en el caso se entregará al obrero o empleado lesionado o a sus beneficiarios con derecho a la misma. El obrero o empleado o sus beneficiarios serán parte en todo procedimiento que estableciere el Administrador bajo las disposiciones de esta

independiente, la ley concede al lesionado o sus beneficiarios el término prescriptivo de un (1) año a partir de la fecha en que fuere firme y ejecutoria la resolución del caso por el Administrador del Fondo. *Id.*; *Saldaña Torres et al. v. Mun. San Juan*, supra, pág. 944; *Martínez v. Bristol*

---

sección, y será obligación del Administrador notificar por escrito a las mismas de tal procedimiento dentro de los cinco (5) días de iniciada la acción.

Si el Administrador dejare de entablar demanda contra la tercera persona responsable, según se ha expresado en el párrafo anterior, el obrero o empleado, o sus beneficiarios quedarán en libertad completa para entablar tal demanda en su beneficio, sin que vengan obligados a resarcir al Fondo del Seguro del Estado por los gastos incurridos en el caso.
El obrero o empleado lesionado ni sus beneficiarios podrán entablar demanda ni transigir ninguna causa de acción que tuvieren contra el tercero responsable de los daños, hasta después de transcurridos noventa días a partir de la fecha en que la resolución del Administrador del Fondo del Seguro del Estado fuere firme y ejecutoria.

Ninguna transacción que pueda llevarse a cabo entre el obrero o empleado lesionado, o sus beneficiarios en caso de muerte, y el tercero responsable, dentro de los noventa (90) días subsiguientes a la fecha en que la decisión fuere firme y ejecutoria, o después de expirado dicho término si el Administrador hubiere presentado su demanda, tendrá valor y eficacia en derecho a menos que se satisfagan previamente los gastos incurridos por el Fondo del Seguro del Estado en el caso; y no se dictará sentencia en pleitos de esta naturaleza, ni se aprobará transacción alguna con relación a los derechos de las partes en dichos pleitos sin hacer reserva expresa del derecho del Fondo del Seguro del Estado a reembolso de todos los gastos incurridos; Disponiéndose, que el secretario de la sala que conozca de alguna reclamación de la naturaleza antes descrita notificará al Administrador del Fondo del Seguro del Estado sobre cualquier providencia dictada por el tribunal que afecte los derechos de las partes en el caso, así como de la disposición final que del mismo se hiciere.

El Administrador del Fondo del Seguro del Estado podrá transigir sus derechos contra tercero responsable de los daños; entendiéndose, sin embargo, que ninguna transacción extrajudicial podrá afectar los derechos del obrero o empleado, o de sus beneficiarios, sin la conformidad o aprobación expresa de ellos.

Cualquier suma obtenida por el Administrador del Fondo del Seguro del Estado, por los medios dispuestos en esta sección, será ingresada en el Fondo del Seguro del Estado a beneficio del grupo particular en que se clasificaba la ocupación o la industria en que se empleaba al obrero o empleado lesionado o muerto.

*Myers, Inc.*, supra, pág. 400; *Negrón v. Comisión Industrial*, 76 DPR 301 (1954).

De igual forma, y para promover la solvencia del Fondo, la ley reconoce un procedimiento para que la CFSE se subrogue en los derechos del lesionado y reclame judicialmente al tercero responsable por los daños. *Padín v. Cía. Fom. Ind.*, 150 DPR 403 (2000). Tal como expresáramos en *Alvarado v. Calaiño Romero*, 104 DPR 127, 131-132 (1975), sobre los sistemas de subrogación en la legislación norteamericana,

> Las leyes de compensación por accidentes del trabajo no se diseñaron para inmunizar a terceros. […] Tampoco fue el propósito general permitirle al obrero recobrar dos veces por el mismo daño. De estos principios es que parte fundamentalmente el concepto de la subrogación, cuyo impulso ideal básico, […] es reembolsarle al asegurador lo pagado, lo que surte el efecto de reducir las primas, y permitir que el lesionado obtenga cualquier suma que se recobre contra el tercero en exceso de lo pagado por el asegurador.

Con rasgos propios, nuestro ordenamiento ubica a la CFSE en la misma posición del lesionado con relación a todas las acciones y remedios a las que tiene derecho. *Gallart, Admor. v. Banco Popular*, 91 DPR 818 (1965). A diferencia de la relación clásica entre una aseguradora y su asegurado, el lesionado o sus beneficiarios son parte del procedimiento presentado por la CFSE, pues por ley la acción se presenta en su nombre y beneficio.[8] Por ello, es que se le debe

---

[8] *Gen. Accid. Ins. Co. P.R. v. Ramos*, 148 DPR 523, 533 (1999) ("[C]uando la aseguradora ejerce el derecho de subrogación no representa al

notificar del inicio de la acción, consultar para cualquier transacción judicial que pueda afectar sus derechos y le corresponde toda suma obtenida en exceso de los gastos incurridos por la CFSE. *Id.*, *Saldaña Torres et al. v. Mun. San Juan*, supra, pág. 949; *Sevilla v. Municipio Toa Alta*, supra, págs. 692-693.

Específicamente, la ley le concede al Fondo **la primera oportunidad** para acudir a los tribunales dentro del término de noventa (90) días siguientes a la fecha en que la decisión del Administrador fuere firme y ejecutoria. *Gallart Mendía v. González Marrero*, 95 DPR 201 (1967). De este presentar la acción subrogatoria, queda interrumpido estatutariamente el término del lesionado para ejercer su causa de acción y no se dictará sentencia o se aprobará transacción entre el empleado y el tercero sin hacer reserva expresa del derecho del Fondo. Por lo tanto, hasta que el Fondo haya dejado **expirar** el término, el obrero no podrá presentar una acción judicial o transigir. *Gallart Mendía v. González Marrero*, supra; *Negrón v. Comisión Industrial*, supra.

Al respecto, hemos sido enfáticos en que el derecho a subrogación del Fondo está sujeto al procedimiento

---

asegurado, sino que lo sustituye, sólo para recobrar de terceros lo pagado por ella, según los términos de la póliza. El alcance de esta sustitución está claramente delimitado y se circunscribe a reclamar los derechos y remedios que tenía el asegurado frente al causante de los daños, relativos al pago que la compañía aseguradora le hizo al asegurado. Hasta ahí llega la sustitución aludida.").

establecido en el Art. 29 de la Ley Núm. 45, supra. *Gallart, Admor. v. Banco Popular*, 91 DPR 818, 826 (1965). Este artículo ha sufrido importantes cambios que nos muestran la intención legislativa.[9]

En lo pertinente al caso de autos, el estatuto original, según promulgado en 1935, autorizaba al Administrador del Fondo a entablar la acción subrogatoria en cualquier tiempo después del accidente, pero de no hacerlo en un periodo de treinta (30) días después de la adjudicación, el lesionado podía presentar la demanda sujeto a resarcir los gastos incurridos por el Fondo.[10] 1935 Leyes de Puerto Rico 317-319. Véase además, *Del Río v. García*, 71 DPR 93 (1950). Podemos observar que en un inicio la ley permitía al Fondo recobrar las sumas concedidas al obrero en procedimientos instados por este último sin especificar límite de tiempo o

---

[9] Para un recuento histórico del derecho de subrogación contra el tercero responsable desde la primera ley de compensaciones a obreros de 1916, véase *Gallart, Admor. v. Banco Popular*, 91 DPR 818 (1965). Véase además, A. De Jesús Matos, *Los Accidentes del Trabajo*, San Juan, Ed. Baldrich, 1945.

[10] En lo pertinente, el Art. 31 de la Ley Núm. 45 de 18 de abril de 1935, 1935 Leyes de Puerto Rico, pág. 319, expresaba:

> "Si el Administrador deja de entablar demanda contra la tercera persona dentro de los treinta (30) días después de la adjudicación hecha, el obrero o empleado lesionado o sus beneficiarios podrán entablar tal acción sin que esto represente una renuncia de sus derechos, de acuerdo con esta Ley; pero si obtuvieran en el cobro de daños contra la tercera persona después de haber recibido compensación del Fondo del Estado, la suma que hubieran recibido del Fondo del Estado será devuelta al Administrador y el balance de la suma concedida por la corte, se entregará al obrero o empleado lesionado o a sus beneficiarios".

requerirle haber presentado la acción. Sin embargo, trece (13) años más tarde la Asamblea Legislativa reconsideró este tratamiento acorde con su obligación de mantener un proceso continuo de evaluación para corregir resultados adversos en la implementación de la política pública que promueve la ley.[11] Específicamente, con la enmienda introducida por la Ley Núm. 16 de 12 de abril de 1948 (1948 Leyes de Puerto Rico 31), texto que en su mayoría se encuentra vigente e inalterado, se concedió al Administrador del Fondo la primera oportunidad para presentar la acción en recobro de los gastos, mientras se restringió a noventa (90) días el término para hacerlo efectivo. Este término "expira" de no presentarse la demanda a tiempo.[12] Asimismo, a diferencia de otras jurisdicciones, la ley entonces admitió la mayor compensación del obrero lesionado al otorgarle libertad completa de entablar la demanda en su beneficio sin resarcir al Fondo. *Alvarado v. Calaino Romero*, supra, pág. 132. En un balance entre los derechos del Fondo y del lesionado, la ley reconoció ciertas protecciones al lesionado, tales como concederle el carácter de parte, y requerir su notificación

---

[11] 11 LPRA sec. 1a.

[12] La Ley Núm. 45, supra, fue enmendada en 1955 para especificar que el término de noventa (90) días empieza a correr desde la fecha en que la determinación del Administrador adviene firme y ejecutoria. De esta forma se corrigió la situación que surgía cuando la Comisión Industrial no resolvía la apelación dentro de este término. Se extendió en beneficio tanto para el Fondo como para los obreros. Diario de Sesiones, vol. VI, to. I, pág. 560 (1955); Diario de Sesiones, vol. VI, to. III, pág. 1785 (1955).

y su consentimiento en transacciones que puedan afectar sus derechos. Llama nuestra atención que aunque la Asamblea Legislativa ha llevado a cabo diversas enmiendas para asegurar la solvencia del fondo, desde el 1948 hasta hoy día, las restricciones de tiempo y forma para la presentación de la acción subrogatoria han sido mantenidas.

Cónsono con lo anterior y el historial legislativo, hemos reconocido el mandato de la Asamblea Legislativa de que el término de noventa (90) días para presentar la acción de subrogación es uno **perentorio**, es decir, "improrrogable, cuyo transcurso extingue o cancela la facultad o el derecho que durante él no se ejercitó".[13] *Alvarado v. Calaiño Romero*, supra, pág. 132. Por lo tanto, transcurrido este plazo sin que la CFSE ejerza su derecho, el término ha expirado y conlleva una renuncia por el Administrador de su derecho de subrogación. *Saldaña Torres et al. v. Mun. San Juan*, supra, pág. 945; *Alvarado v. Calaiño Romero*, supra; *Negrón v. Comisión Industrial*, supra, pág. 308. Esta renuncia al derecho de subrogación es en beneficio del lesionado y lo deja en libertad completa para entablar la demanda sin tener que resarcir a la CFSE por los gastos incurridos. Art. 29, Ley Núm. 45, supra; *Alvarado v. Calaiño Romero*, supra; *Admor. Fondo del Estado v. Northern Assur.*, 98 DPR 253 (1970). Tal

---

[13] Real Academia Española, *Diccionario de la lengua española*, https://dle.rae.es/término#MWWcqtn (última vista, 9 de febrero de 2023).

como hemos expresado: "[e]sta disposición se encamina a todas luces a fomentar el ejercicio diligente por el Fondo del Seguro del Estado de tal derecho". *Alvarado v. Calaiño Romero*, supra, pág. 132.

Así, en *Alvarado v. Calaiño Romero*, supra, atendimos una controversia en la que el Fondo no ejerció sus derechos de subrogación tras proveer inicialmente tratamiento y beneficios a un obrero. Sin embargo, este acudió posteriormente a los tribunales ante una decisión de aumento de incapacidad en recidiva. Entonces, concluimos que el Fondo no tenía derecho al reembolso de los gastos en cuanto a la compensación inicial por haber dejado expirar el término para subrogarse en los derechos del lesionado. Por otro lado, aclaramos que no estaba impedida para recobrar los gastos incurridos posteriormente bajo resoluciones en recidiva si ejercitaba a tiempo el derecho de subrogación de la nueva resolución. Dijimos esto, al concluir que nada en el historial legislativo autorizaba que se inutilizara el estatuto y, por consiguiente, se dejara sin efecto el mandato legislativo que le fija un término perentorio al Fondo para demandar al tercero.

De igual forma, hemos descartado expresamente cualquier convenio entre el Administrador y el tercero responsable que extienda el término para presentar la demanda a espaldas del

obrero lesionado y sin tener en cuenta sus derechos. *Admor. Fondo del Estado v. Northern Assur.*, supra.

En resumen, nuestro ordenamiento le concede a la CFSE una primera oportunidad para acudir mediante acción subrogatoria y recuperar los gastos incurridos tras los daños provocados por el tercero responsable. Sin embargo, la CFSE debe ser diligente en su ejercicio, pues este derecho está limitado en tiempo, forma y cantidad por el procedimiento establecido en el Art. 29 de la Ley Núm. 45, *supra*. Asimismo, existe un mandato legislativo de que el término del Fondo sea uno perentorio en beneficio del lesionado, y por lo tanto, no esté sujeto a interrupción o suspensión. De lo contrario, se afectaría el interés de que las reclamaciones de los obreros se resuelvan con premura y no queden al arbitrio de interrupciones subsiguientes.

## B.

En nuestro ordenamiento jurídico, las figuras de prescripción y de caducidad persiguen evitar la incertidumbre y propiciar la estabilidad jurídica.[14] Hasta recientemente el Código Civil no reglamentaba la caducidad

---

[14] La demanda y demanda de subrogación original fue interpuesta vigente el pasado Código Civil, mientras que la desestimación sin perjuicio y la posterior presentación de una nueva acción ocurrió vigente el Nuevo Código Civil. "Los términos prescriptivos, de caducidad o de usucapión que estén transcurriendo en el momento en que [el Código Civil de 2020] entre en vigor, tienen la duración dispuesta en la legislación anterior; pero si el término queda interrumpido después de la entrada en vigor de este Código, su duración será la determinada en este." Art. 1814 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11719.

expresamente y se dependía de la jurisprudencia y de la doctrina. Así, habíamos definido la "caducidad" como "la decadencia de un derecho o su pérdida por haber incumplido, en el plazo determinado, la formalidad o condición exigida por la ley". *Rivera Marrero v. Santiago Martínez*, 203 DPR 462 (2019); *Carlo Morales v. Cartagena Carlo*, 129 DPR 102, 123 (1991).

Hoy día, el Título V del Libro Cuarto del Nuevo Código Civil define y regula por primera vez la figura de la caducidad como "un modo de extinción de la obligación en cuya virtud deja de existir el derecho que emana de una disposición legal". Art. 1206 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 9511.

La caducidad atiende a fines sociales relevantes, por lo que uno de sus rasgos importantes es que no admite la interrupción ni suspensión del término. *González Rosado v. Echevarría Muñiz*, 169 DPR 554, 567 (2006). Véanse además, Arts. 1207 y 1209 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 9512 (sobre naturaleza de orden público y la no admisión de interrupción). Es decir, la caducidad es radical y automática. Por lo tanto, se extingue el derecho a la causa de acción con el mero transcurso del tiempo. *Rivera Marrero v. Santiago Martínez*, supra. Además, la caducidad puede ser apreciada tanto a instancia de parte como de oficio. J.R. Vélez Torres, Derecho de Obligaciones, 2da Ed., San Juan,

1997, pág. 399. Véase además, Art. 1208 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 9513 ("La caducidad puede ser alegada por cualquier parte o determinada por el tribunal en cualquiera de las etapas procesales".) Cónsono con esto, hemos reconocido que ante un archivo por desistimiento sin perjuicio y al haber transcurrido el plazo de caducidad aplicable, el tribunal no cuenta con jurisdicción para atender una nueva acción. *Harland Co. v. Mun. de San Juan*, 139 DPR 185 (1995)(Per Curiam).

## III

Como hemos discutido, la ley expresamente dispone el efecto de que la CFSE no presente una acción en subrogación dentro del término de noventa (90) días siguientes a la fecha en que la decisión del Administrador fuere firme y ejecutoria. Esta inacción equivale a la renuncia de su derecho a recobrar los gastos en beneficio del lesionado o sus beneficiarios. No obstante, ante nosotros lo que se cuestiona es con qué término cuenta, si alguno, la CFSE para presentar la acción de subrogación cuando una demanda inicial presentada a tiempo fue desestimada por inactividad.[15]

Por un lado, la CFSE sostiene que para ejercer la acción de subrogación, los términos vuelven a computarse nuevamente

---

[15] Ante nosotros no se cuestiona la presentación de la demanda por daños y perjuicios a favor del empleado. Regla 15.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V). *Martínez v. Soc. de Gananciales*, 145 DPR 93, 106 (1998).

al advenir final y firme la sentencia desestimando la demanda por inactividad. Por lo tanto, arguye que procede considerar el término apelativo de treinta (30) días para recurrir de la Sentencia emitida por el Tribunal de Primera Instancia que desestimó la acción subrogatoria.

Por otro lado, los recurridos sostienen que el término de noventa (90) días que provee el Art. 29 de la Ley Núm. 45, supra, es uno de caducidad por lo que la CFSE no podía presentar una nueva demanda de subrogación después del 29 de abril de 2017 y, por lo tanto, la acción de subrogación presentada el 28 de julio de 2021 estaba impedida por caducidad. En la alternativa, indican que la demanda en subrogación fue igualmente presentada fuera de término, ya que "el hecho de que exista un término jurisdiccional de 30 días para recurrir de la Sentencia, en nada afecta el término prescriptivo, pues son dos términos que corren paralelos e independientes el uno del otro".[16]

Como hemos expresado, la CFSE está sujeta al procedimiento del Art. 29 de la Ley Núm. 45, *supra*, que reconoce un término perentorio de noventa (90) días para presentar la acción de subrogación. Es decir, no admite interrupción ni suspensión del término por ser radical y automático, incluso ante una desestimación sin perjuicio.

---

[16] Moción para Mostrar Causa del Sr. Eliezer Dávila Díaz, pág. 2.

Así, particularmente teniendo en cuenta el fin social de la compensación de accidentes del trabajo, la ley persigue fomentar el ejercicio diligente del Fondo en beneficio del obrero lesionado.

En el caso de autos, la CFSE ejerció inicialmente su derecho a presentar una acción de subrogación dentro del término pautado por ley. Sin embargo, esta acción fue desestimada por inactividad y no se recurrió de esta determinación. Por lo tanto, al momento de presentar nuevamente la acción de subrogación habían transcurrido los noventa (90) días siguientes a la fecha en que la decisión administrativa advino firme y ejecutoria. Ante este escenario particular, resolvemos que la CFSE estaba impedida de volver a presentar la acción de subrogación por caducidad. De este modo, pautamos que, ante la desestimación de una primera acción de subrogación, la CFSE estará impedida de volver a presentarla si esta se insta fuera del término de caducidad de noventa (90) días contemplado en el Art. 29 de la Ley Núm. 45, supra.

Por los fundamentos expresados, expedimos el auto solicitado y se confirma la sentencia recurrida en cuanto a la desestimación con perjuicio de la acción de subrogación. En consecuencia, devolvemos el caso al Tribunal de Primera

Instancia para procedimientos ulteriores consistentes con esta Opinión.

Se dictará Sentencia de conformidad.


                                    Mildred G. Pabón Charneco
                                         Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Juan Arzuaga Monserrate; Corporación del Fondo del Seguro del Estado<br><br>Peticionarios<br><br>v.<br><br>Empresas Ortiz Brunet, Inc.; Cantera San Antonio, Inc.; Eliezer Dávila Díaz; Triple S Propiedad, Inc.<br><br>Recurridos | CC-2022-0379 | *Certiorari* |

SENTENCIA

En San Juan, Puerto Rico, a 10 de abril de 2023.

Por los fundamentos expresados, expedimos el auto solicitado y se confirma la sentencia recurrida en cuanto a la desestimación con perjuicio de la acción de subrogación. En consecuencia, devolvemos el caso al Tribunal de Primera Instancia para procedimientos ulteriores consistentes con esta Opinión.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo