Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| GUILLERMO J. ROSADO MARTÍNEZ<br><br>Demandante Apelante<br><br>v.<br><br>CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO<br><br>Demandada Apelada | KLAN202400108 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2023CV02611<br>Sala: 501<br><br>Sobre: Enriquecimiento Injusto |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de abril de 2024.

Comparece el señor Guillermo J. Rosado Martínez (señor Rosado Martínez o apelante) vía recurso de apelación y solicita que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de Bayamón, emitida el 18 de diciembre de 2023. Mediante dicho dictamen, se desestimó con perjuicio la demanda del apelante por no aplicar la causa de acción. Por las razones que habremos de expresar, confirmamos la *Sentencia* recurrida.

En síntesis, el caso de epígrafe trata de una demanda presentada contra la Corporación del Fondo del Seguro del Estado (CFSE o apelada) por enriquecimiento injusto. Luego de sufrir una lesión durante el curso de su trabajo, el señor Rosado Martínez obtuvo tratamiento médico por tres (3) años a costa de la CFSE. Ante la

determinación de la CFSE que el apelante sufría de una incapacidad parcial, la apelada ejercicio su derecho a la subrogación oportunamente a la demanda del señor Rosado Martínez en contra de los terceros responsables. No obstante, la CFSE transigió eventualmente con los terceros por una cantidad monetaria no divulgada y sin notificar al señor Rosado Martínez. Por su parte, luego de varios tramites procesales que incluyeron apelaciones, el señor Rosado Martínez transigió con los terceros demandados y aceptó, como parte del acuerdo, que se le dedujera la cantidad ya entregada a la CFSE.

Por los mencionados hechos, el señor Rosado Martínez presentó una demanda contra la CFSE, en la cual alegó que esta renunció implícitamente su causa de acción de subrogación ante el Tribunal de Primera Instancia y el Tribunal de Apelaciones, por la cual se enriqueció injustamente a costa del riesgo, esfuerzo y patrimonio del apelante. Posteriormente, el foro primario desestimó con perjuicio la demanda por no aplicar la doctrina del enriquecimiento injusto y por el señor Rosado Martínez no haber incurrido en gastos recuperables en el pleito original. Igualmente, el foro de primera instancia declaró sin lugar la solicitud de reconsideración del señor Rosado Martínez.

Insatisfecho, el señor Rosado Martínez recurrió ante el foro apelativo, alegando que el Tribunal de Primera Instancia erró al (1) desestimar la demanda mediante un uso erróneo de la Regla 10.2(5) de *Procedimiento Civil*; (2) concluir que la CFSE no renunció a su derecho de subrogación; y (3) determinar que no aplica la doctrina del enriquecimiento injusto en contra de la CFSE. Oportunamente, la CFSE presentó su oposición a la apelación, argumentado que (1) el foro primario aplicó correctamente la Regla 10.2(5); (2) el apelante aceptó

la deducción en su transacción; y (3) que el apelante no cumple con los requisitos de la doctrina de enriquecimiento injusto.

Vale recordar que la parte demandada podrá solicitar la desestimación de la demanda antes de contestarla cuando, al evaluar las alegaciones, es evidente que alguna de las defensas afirmativas del demandado prosperará. Regla 10.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V); *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043 (2020) (citando a *Sánchez v. Aut. de los Puertos*, 153 DPR 559, 569 (2001)). Específicamente, el inciso (5) de la Regla 10.2 de *Procedimiento Civil* establece como fundamento para solicitar la desestimación, que la demanda no expone una reclamación que justifique la concesión de un remedio. Regla 10.2(5) de Procedimiento Civil, *supra*. No obstante, la Regla 10.2(5) requiere al Tribunal tomar como ciertos los hechos bien alegados en la demanda de forma que de su faz no den margen a dudas. *Cruz Pérez v. Roldán Rodríguez*, 206 DPR 261 (2021) (citando a *Colón Rivera et al. v. ELA*, 189 DPR 1033 (2013); *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811 (2013)). A la vez, esta Regla exige que dichas alegaciones se interpreten de forma conjunta, liberal y lo más favorable posible para la parte demandante. *Colón v. Lotería*, 167 DPR 625 (2006).

Ahora bien, nuestro ordenamiento a definido el enriquecimiento injusto como aquella en la cual una persona, sin justa causa, se enriquece a expensa de otra y por consecuencia está obligada a indemnizarla de la correlativa disminución patrimonial en la medida de su propio enriquecimiento. Art. 1526 del Código Civil de 2020 (31 LPRA sec. 10771). Sin embargo, tal restitución no procede cuando (1) la ley deniega tal acción; (2) la ley atribuye otros efectos al

enriquecimiento; (3) la ley permite al empobrecido ejercer otra acción; o (4) si entre las partes o interesados existe una relación contractual. Art. 1527 del Código Civil de 2020 (31 LPRA sec. 10772). Incluso, la jurisprudencia dicta que, para configurar la acción por enriquecimiento injusto, deben concurrir los siguientes requisitos: (1) la existencia de un enriquecimiento; (2) un empobrecimiento correlativo; (3) una conexión entre el empobrecimiento y el enriquecimiento; (4) falta de causa que justifique el enriquecimiento; y (5) inexistencia de un precepto legal que excluya la aplicación del enriquecimiento sin causa. *Mun. de Quebradillas v. Corp. de Salud de Lares,* 180 DPR 1003 (2011) (citando a *Hatton v. Mun. de Ponce*, 134 DPR 1001, 1010 (1994); *Ortiz Andújar v. ELA*, 122 DPR 817, 823 (1988)).

A raíz de ello, un enriquecimiento no es injusto si tiene como equivalente una prestación contractual o que haya sido obtenido como cumplimiento de una obligación legal o natural. *Ortiz Andújar v. ELA*, *supra* (citando a G. Velázquez, *El enriquecimiento injusto en el Derecho puertorriqueño*, 5 Rev. Jur. C. Abo. PR 176, 181-182 (1940)). A base de eso, el *Código Civil* define la transacción extrajudicial como un contrato en cual las partes, mediante concesiones reciprocas, ponen fin a un litigio o a su incertidumbre sobre una relación jurídica. Art. 1497 de Código Civil de 2020 (31 LPRA sec. 10641). De tal manera, el contrato de transacción es accesorio, bilateral, reciproco, oneroso y consensual. *Feliciano Aguayo v. MAPFRE*, 207 DPR 138 (2021) (citando a *Mun. de San Juan v. Prof. Research*, 171 DPR 219, 239 (2007); *A. Martínez & Co. v. Long Const. Co.*, 101 DPR 830, 835 (1973)). Para perfeccionar un contrato de transacción, deben concurrir (1) una relación jurídica incierta y litigiosa; (2) la intención de los

contratantes de componer el litigio y sustituir la relación dudosa por otra cierta e incontestable; y (3) las reciprocas concesiones de las partes. Íd. (citando a *Mun. de San Juan v. Prof. Research*, *supra*). Dentro de todo, los contratos transaccionales serán interpretados de una manera restrictiva, es decir, no se entenderá como comprendidos en el contrato asuntos o casos distintos de aquellos sobre los que las partes se propusieron contratar. Art. 1499 del Código Civil de 2020 (31 LPRA sec. 10643). Véase, también, *Berkan et al. v. Mead Johnson Nutrition*, 204 DPR 183 (2020) (citando a L. R. Rivera Rivera, *El contrato de transacción: sus efectos en situaciones de solidaridad*, 1.ª ed., San Juan, Ed. Jurídica Editores, 1998, pág. 61).

A base de lo anterior, la *Ley del Sistema de Compensaciones por Accidentes del Trabajo* dispone que, a cambio de la aportación patronal compulsoria al fondo estatal de seguro, la CFSE asume los gastos de tratamiento médico de un obrero o empleado sin derecho a reembolso, independientemente de quien fue la negligencia. Art. 16 de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 de 18 de abril de 1935 (11 LPRA sec. 32); *Arzuaga Monserrate v. Empresas Ortiz Brunet*, 211 DPR 803 (2023) (citando a *Saldaña Torres v. Mun. de San Juan*, supra, pág. 943; *Sevilla v. Municipio Toa Alta*, 159 DPR 684, 690 (2003)). No obstante, en los casos en que un obrero o empleado lesionado tuviere derecho a presentar una acción por daños contra un tercero, el Administrador de la CFSE podrá subrogarse en los derechos del obrero o empleado, es decir, podrá entablar procedimientos en contra del tercero. Art. 29 de la Ley Núm. 45, *supra*. Véase, también, *Saldaña Torres v. Mun. de San Juan*, 198 DPR 934 (2017) (citando a *Padín v. Cía. Fom. Ind*., 150 DPR 403, 412 (2000);

*Ortiz Pérez v. FSE*, 137 DPR 367 (1994); *Morell Morell v. Comisión Industrial de PR*, 110 DPR 709 (1981)).

La referida subrogación deberá hacerse dentro de los noventa (90) días siguientes a la fecha en que la decisión fuere firme y ejecutoria. Art. 29 de la Ley Núm. 45, *supra*. De expirarse este término sin el Administrador actuar, la CFSE perderá su derecho a subrogarse y el obrero o empleado podrá presentar una acción judicial o transigir sin tener que resarcir a la CFSE por los gastos incurridos. Íd.; *Arzuaga Monserrate v. Empresas Ortiz Brunet*, *supra* (citando a *Alvarado v. Calaiño Romero*, 104 DPR 127, 132 (1975); *Admor. Fondo del Estado v. Northern Assur.*, 98 DPR 253 (1970); *Gallart Mendía v. González Marrero*, 95 DPR 201 (1967); *Negrón v. Comisión Industrial de PR*, 76 DPR 301 (1954)).

A esos efectos, cualquier resultado de la acción de restitución, o a virtud de una transacción judicial o extrajudicial, que se obtuviere en exceso de los gastos incurridos por la CFSE, se entregará al perjudicado con derecho a la misma. Art. 29 de la Ley Núm. 45, *supra*. Además, el Administrador podrá transigir sus derechos contra un tercero responsable, pero solo con la conformidad o aprobación expresa del perjudicado si la transacción afecta sus derechos. Art. 29 de la Ley Núm. 45, *supra*; *Arzuaga Monserrate v. Empresas Ortiz Brunet*, *supra* (citando a *Gallart, Admor. v. Banco Popular*, 91 DPR 818 (1965); *Saldaña Torres v. Mun. San Juan*, *supra*, pág. 949; *Sevilla v. Municipio Toa Alta*, *supra*, págs. 692-693).

De conformidad con los hechos del presente caso, el Tribunal de Primera Instancia no erró al determinar que la doctrina del enriquecimiento injusto no aplicaba. La CFSE tenía una obligación

legal de dar tratamiento médico al señor Rosado Martínez, por la cual luego tenía el derecho de subrogarse—es decir, de buscar una compensación monetaria—contra los terceros responsables, siempre y cuando lo ejercía dentro de los noventa (90) días dispuestos por ley. La falta de acción de la CFSE en varios tramites procesales no indican un abandono del caso, sino una toma de curso—en este caso, transaccional—distinto al del apelante. Desde luego, el apelante tuvo la oportunidad de negociar las condiciones de su propia transacción para evitar que se le dedujera lo ya pagado a la CFSE; sin embargo, este consintió a las condiciones dispuestas. Por lo tanto, no hubo un enriquecimiento que perjudicara injustificadamente al apelante.

Por los fundamentos expuestos, confirmamos la *Sentencia* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

**La Jueza Álvarez Esnard concurre sin opinión escrita.**


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones