ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| IRAIDA M. TORO GUTIÉRREZ Y SU ESPOSO JIMMY LÓPEZ DEL PILAR, POR SÍ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Apelante<br><br>v.<br><br>UNIVERSAL INSURANCE COMPANY; FRANCES ANAÍS GUTIÉRREZ VEGA<br><br>Apelado | KLAN202400567 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: GB2023CV00798<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 27 de junio de 2024.

Comparece Iraida M. Toro Gutiérrez (en adelante, señora Toro Gutiérrez y su esposo Jimmy López Del Pilar (en conjunto, parte apelante), mediante un recurso de *Apelación* para solicitarnos la revisión de la *Sentencia* emitida y notificada el 15 de abril de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI o foro primario).[1] Sobre dicha *Sentencia*, se presentó una solicitud de reconsideración la cual fue denegada mediante *Orden* del 7 de mayo de 2024, notificada al día siguiente.[2] Mediante la *Sentencia* apelada, el foro primario desestimó sin perjuicio la acción instada por la parte apelante.

Por los fundamentos que expondremos, se *revoca* la *Sentencia* apelada.

---

[1] Apéndice del recurso, a las págs. 30-32.
[2] *Íd.,* a la pág. 1.

Número Identificador

SEN2024_____

I

El presente caso inició el 11 de septiembre de 2023, cuando la parte apelante del título presentó una *Demanda* sobre daños y perjuicios contra Frances Anaís Gutiérrez Vega (en adelante, señora Gutiérrez Vega) y su compañía aseguradora, Universal Insurance Company (en conjunto, parte apelada).[3] En el pliego, alegó que el 21 de septiembre de 2022, mientras intentaba cruzar la Avenida Ashford, cerca de la intersección con la Calle Nair, fue arrollada por un vehículo marca Toyota Tacoma conducido por la señora Gutiérrez Vega. Sostuvo que, a consecuencia del referido accidente, sufrió daños físicos los cuales, presuntamente, ascendían a doscientos mil dolares ($200,000.00). Igualmente, afirmó que su esposo se ha visto afectado en su salud física y mental al ser testigo de sus dolencias. Estimó que los daños sobrellevados por su esposo ascendían a cincuenta mil dólares ($50,000.00).

Subsiguientemente, el 11 de enero de 2024, la parte apelada presentó *Contestación a la Demanda.*[4] En la misma, negó ser responsable de los daños reclamados por la parte apelante. Aseveró que la señora Toro Gutiérrez no tomó las medidas prudentes y razonables al cruzar la Avenida Ashford.

Así las cosas, el 11 de marzo de 2024, la parte apelada presentó una moción de desestimación .[5] En el petitorio, reseñó que el Artículo 7 (A) (4) (c) de la Ley de Protección Social por Accidentes de Vehículos de Motor de 2020 (en adelante, Ley Núm. 111)[6] dispone que un lesionado no puede presentar una demanda o transigir una acción contra un "tercero responsable", dentro de los noventa (90) días siguiente a la fecha en que la resolución de la Administración

---

[3] Apéndice del recurso, a las págs. 2-4.
[4] *Íd.,* a las págs. 5-11.
[5] Véase, Sistema Unificado de Manejo y Administración de Casos (SUMAC) a la entrada 34; Además, véase, *Escrito al Expediente Judicial*, presentado el 17 de junio de 2024, en el cual se anejó una copia de esta moción.
[6] Ley Núm. 111-2020, 9 LPRA sec. 3167.

de Compensaciones por Accidentes de Automóviles (en adelante, ACAA) sea firme y ejecutoria. Ello, para brindarle oportunidad a la aludida agencia de instar una acción de subrogación, a los efectos de que se le rembolsen los gastos incurridos en el caso. Sostuvo que, dado a que la señora Toro Gutiérrez estaba recibiendo tratamiento médico en la ACAA, y aún no había sido dada de alta, la resolución final de la referida agencia no era firme ni ejecutoria. Al amparo de lo anterior, arguyó que la acción de título debía desestimarse por prematura.

Por su parte, el 2 de abril de 2024, la parte apelante presentó *Oposición a moción de desestimación por prematura.*[7] En el escrito, razonó que los incisos del Artículo 7 de la Ley Núm. 111, citados por la parte apelada, no eran aplicables al presente caso, puesto que aquí no había un "tercero responsable". Afirmó que el inciso aplicable a esta acción era el (B) (1). Indicó que este, únicamente, le requiere al lesionado, al cual se le otorgue una indemnización por parte del tribunal, que, antes de satisfacerse el pago de la sentencia, obtenga una certificación de la ACAA que indique que no existen deudas con relación a los servicios prestados por esta. Si de la certificación surge que la ACAA tiene derecho a rembolso, el pago se expedirá por separado a la agencia y al lesionado por la cantidad correspondiente. A esos efectos, afirmó que no procedía la desestimación de esta acción.

Luego, la parte apelada presentó una réplica,[8] y la parte apelada presentó una dúplica[9]. En los referidos escritos, insistieron en las posturas antes reseñadas.

En respuesta, el 15 de abril de 2024, el foro primario emitió y notificó la *Sentencia* apelada.[10] Mediante el referido dictamen

---

[7] Apéndice del recurso, a las págs. 20-22.
[8] *Íd.,* a las págs. 23-26.
[9] *Íd.,* a las págs. 27-29.
[10] Apéndice del recurso, a las págs. 30-32.

desestimó sin perjuicio la causa de acción del título, tras juzgar que la misma fue presentada de forma prematura. En la *Sentencia* apelada, la primera instancia judicial concluyó lo siguiente en virtud del caso *Wilmarie Díaz Hernández y otros v. Mapfre Praico y otros*[11]:

> De los documentos presentados en el pleito de epígrafe no se desprende que la ACAA hubiera emitido Resolución firme y ejecutoria, ni que habían transcurrido los términos dispuestos en ley para presentar una acción por daños. La parte demandante no ha presentado la Resolución en cumplimiento con lo ordenado y dispuesto en Ley, por lo que procedemos a desestimar.[12]

De ahí, el 19 de abril de 2024, la parte apelante presentó *Moción solicitando reconsideración,*[13] la cual fue denegada mediante *Orden* emitida el 7 de mayo de 2024, y notificada al día siguiente[14].

En desacuerdo, el 7 de junio de 2024, la parte apelante compareció ante nos mediante un recurso de *Apelación,*[15] y esgrimió la comisión del siguiente error:

> ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA [A] FAVOR DE LA PETICI[Ó]N DE DESESTIMACI[Ó]N POR PREMATURA DE LA DEMANDA PRESENTADA POR LA PARTE DEMANDANTE, AUN CUANDO SIN PERJUICIO, POR ALEGADAMENTE NO HABER ESPERADO A QUE LA ACAA EMITIERA UNA RESOLUCI[Ó]N SUBROG[Á]NDOSE POR LA PARTE DEMANDANTE EN UN PLEITO DE DAÑOS Y PERJUICIOS.

El 25 de junio de 2024, la parte apelada presentó su alegato en oposición. Con el beneficio de la comparecencia de ambas partes procederemos a disponer del presente recurso.

II

**A. Recurso de Apelación**

La Regla 52.2 (a) de Procedimiento Civil[16], dispone que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días desde el archivo en autos de copia

---

[11] En el recurso apelativo KLAN202200628.
[12] Apéndice del recurso, a la pág. 30.
[13] *Íd.,* a las págs. 33-36.
[14] *Íd.,* a la pág. 1.
[15] Intitulado *Legajo de Apelación.*
[16] 32 LPRA Ap. V, R. 52.2 (a).

de la notificación de la sentencia recurrida. Como es conocido, un plazo jurisdiccional es de carácter fatal. Ello quiere decir que no admite justa causa, es improrrogable, y que su incumplimiento es insubsanable.[17] La correcta notificación de una sentencia es una característica imprescindible del debido proceso judicial.[18]

Como corolario de lo anterior, la Regla 13(A) del Reglamento de este Tribunal establece que:

> Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia.
>
> [...].[19]

No obstante, el término de treinta (30) días para acudir en alzada puede quedar interrumpido mediante la presentación oportuna de una moción de reconsideración fundamentada.[20] En tal caso, el curso del término para apelar comienza a partir del archivo en autos de la copia de la notificación de la resolución que resuelve la moción.[21] Esto, a pesar de que la moción se haya declarado sin lugar.

De otra parte, precisa señalar que en grado de apelación, la tarea principal del Tribunal de Apelaciones es examinar como los tribunales inferiores aplican el derecho a los hechos particulares de cada caso y si abusaron de su discreción.[22] El foro apelativo no debe pretender administrar ni manejar el trámite regular de los casos ante el foro primario.[23] Así, pues, si las determinaciones del tribunal no están desprovistas de base razonable ni perjudican los derechos de una parte, debe prevalecer el criterio del juez de instancia.[24] Por

---

[17] *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000); *Arriaga v. FSE*, 145 DPR 122, 131 (1998); *Loperena Irizarry v. ELA*, 106 DPR 357, 360 (1977).
[18] *Rodríguez Mora v. García Lloréns*, 147 DPR 305, 309 (1998).
[19] 4 LPRA Ap. XXII-B, R. 13 (A).
[20] 32 LPRA Ap. V, R. 47.
[21] *Íd.*
[22] *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 707 (2013); *Sierra, Secretario del Trabajo v. Tribunal Superior*, 81 DPR 554, 572 (1958).
[23] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013).
[24] *Sierra, Secretario del Trabajo v. Tribunal Superior, supra,* 572.

ello, se ha establecido que los foros apelativos no deben intervenir con las facultades discrecionales del tribunal de instancia, a menos que se demuestre que: (i) actuó con perjuicio o parcialidad; (ii) abusó de su discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o derecho sustantivo. Igualmente, se permite intervenir para evitar un perjuicio sustancial.[25]

### A. Ley de Protección Social por Accidentes de Vehículos de Motor

Ante el alto número de accidentes que ocurren a diario en nuestras carreteras, así como las cifras de víctimas involucradas en ellos, el 26 de junio de 1968 se aprobó la Ley de Protección Social por Accidentes de Automóviles.[26] Igualmente, por disposición del referido cuerpo normativo se creó la ACAA. Ello, con el fin de que esta agencia atendiera la aludida problemática mediante un sistema de seguro compulsorio, el cual garantizara a las víctimas de accidentes vehiculares acceso a servicios médicos y derecho a compensación por las lesiones sufridas.[27]

Recientemente, la antedicha ley se derogó mediante la aprobación de Ley de Protección Social por Accidentes de Vehículos de Motor de 2020.[28] En esta legislación se incorporaron dos (2) mecanismos mediante los cuales la ACAA puede recobrar los gastos incurridos en el cuidado de los lesionados, a saber: (i) la acción de intervención, y (ii) la acción de subrogación.[29]

Respecto a la acción de intervención, el Artículo (7) (B) (4) de la Ley Núm. 111 dispone que:

> [l]a Administración tendrá derecho **a intervenir ante el Tribunal de Primera Instancia competente** en todo caso en que se solicite ante los tribunales indemnización a base de la aplicación del principio de

---

[25] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 210 (2023).
[26] Ley Núm. 138 de 26 de junio de 1968, 9 LPRA sec. 2051 *et seq.* (derogada); *Martínez v. ACAA*, 157 DPR 108, 114 (2002).
[27] *Díaz Hernández y otros v. Mapfre y otros,* 2024 TSPR 46, 213 DPR ___ (2024).
[28] Ley Núm. 111-2020, 9 LPRA sec. 3161 *et seq.*
[29] *Díaz Hernández y otros v. Mapfre y otros,* supra.

negligencia, por razón de daños o lesiones por los cuales se proveyeron beneficios bajo esta Ley. [...].[30]

Para posibilitar la referida acción de intervención, el foro primario tendrá la responsabilidad de requerirle al demandante o a sus sucesores que acrediten que se le notificó a la ACAA de la presentación de la demanda. El incumplimiento con la antedicha notificación será suficiente para que se desestime sin perjuicio la acción presentada ante el tribunal de instancia. Ahora bien, antes de desestimar la demanda, el tribunal deberá otorgarle al promovente un término para que cumpla con lo dispuesto, el cual no podrá ser menor de treinta (30) días calendario.[31]

Con relación a la acción de subrogación, el Artículo 7 (A) (4) del mencionado cuerpo normativo indica que:

> [l]a Administración **tendrá la facultad de subrogarse los derechos que tuviere un lesionado o sus beneficiarios de presentar una reclamación judicial por daños y perjuicios contra terceros** en los casos en que la Administración, de acuerdo con los términos de esta Ley, estuviere obligado de compensar a estos en cualquier forma.
> [...].[32]

Sin embargo, la ACCA podrá presentar una acción en del tercero responsable, únicamente, dentro de los noventa (90) días siguientes a la fecha en que su decisión en el proceso administrativo sea firme y ejecutoria.[33] Por ello, si no ha transcurrido el antedicho término, el lesionado está impedido de presentar una demanda o transigir con el tercero responsable una causa de acción.[34]

Enfatizamos que, aunque la Ley Núm. 111 no define quién es el tercero responsable, nuestro Tribunal Supremo, amparado en la jurisprudencia relacionada a la acción de subrogación creada por la Ley Orgánica de la Corporación del Fondo del Seguro del Estado, concluyó que la referida figura se refiere al tercero que provoca los

---

[30] 9 LPRA sec. 3167. (Énfasis nuestro).
[31] *Íd.*; *Díaz Hernández y otros v. Mapfre y otros,* supra.
[32] 9 LPRA sec. 3167.
[33] *Íd.*, Art. 7 (A) (4) (b). (Énfasis nuestro).
[34] *Íd.*, Art. 7 (A) (4) (c); *Díaz Hernández y otros v. Mapfre y otros,* supra.

daños del lesionado y quien es ajeno a la relación entre el lesionado y la ACCA.[35]

Por otra parte, es menester reseñar que, recientemente, en atención a una controversia similar a la que hoy nos ocupa, nuestro Alto Foro, estableció que, cuando una persona lesionada presente una demanda sobre daños y perjuicios, luego de finalizar el trámite administrativo en la ACAA, pero antes de que transcurran los noventa (90) días reservados a la agencia para que presente su acción de subrogación, el foro primario no podrá desestimar la acción de manera automática. Ello, dado a que "la acción de subrogación es una medida para salvaguardar exclusivamente los intereses de la ACAA", y no para beneficiar al tercero responsable. Entretanto, procederá que el tribunal paralice los procedimientos hasta que transcurra el término antes indicado. El foro primario, únicamente, podrá proceder con la desestimación cuando la ACAA solicite la anulación de la acción civil a través de la presentación oportuna de su acción de subrogación y la correspondiente súplica de declaración de nulidad.[36]

III

La parte apelante, en su único señalamiento de error, sostiene que el foro primario incidió al desestimar sin perjuicio la acción del título.

Es menester acentuar que la *Sentencia* apelada fue emitida y notificada el 15 de abril de 2024. Habida cuenta de ello, precisa señalar que, al emitir la referida determinación, el tribunal de instancia basó su razonamiento en lo dispuesto en una *Sentencia* emitida por un Panel hermano de este Tribunal de Apelaciones en el caso *Wilmarie Díaz Hernández y otros v. Mapfre Praico y otros*[37].

---

[35] *Díaz Hernández y otros v. Mapfre y otros,* supra.
[36] *Íd.*
[37] En el recurso apelativo KLAN202200628, *Sentencia* del 26 de septiembre de 2024.

Amparado en el antedicho dictamen, mediante *Sentencia* emitida el 15 de abril de 2024, el foro primario concluyó desestimar sin perjuicio la presente acción, en vista de que, de los documentos presentados, no se desprendía que la ACAA hubiese emitido una resolución firme y ejecutoria, o que habían transcurrido los términos dispuestos por ley para presentar una acción por daños.

Puntualizamos que, para la fecha en la cual el juzgador de instancia emitió la sentencia que nos ocupa, se encontraba pendiente ante el Tribunal Supremo el recurso de apelación del caso utilizado para fundamentar la misma. Así, mediante *Opinión* del 3 de mayo de 2024[38], nuestro Alto Foro revocó el dictamen emitido por un Panel hermano en el caso *Wilmarie Díaz Hernández y otros v. Mapfre Praico y otros*[39]. En lo pertinente a la controversia que nos atañe, subrayamos que este caso, similar a de la acción del título, comenzó cuando se presentó ante el tribunal de instancia una demanda sobre daños y perjuicios a raíz de un accidente automovilístico. Ante la ausencia de una resolución firme y ejecutoria emitida por la ACAA, y dado a que la parte demandante no estableció que había transcurrido el término dispuesto por ley para poder presentar su causa de acción, el foro primario desestimó sin perjuicio la acción. Ello, a pesar de que la parte demandante presentó una correspondencia oficial de la ACCA, en la cual la agencia indicó que no intervendría en el caso. Asimismo, un Panel hermano de este Tribunal de Apelaciones determinó que procedía la desestimación de la referida acción. Sin embargo, conforme esbozamos en nuestra previa exposición doctrinal, el Tribunal Supremo concluyó que, cuando una persona lesionada presenta una demanda sobre daños y perjuicios antes de que transcurran los noventa (90) días reservados para que la ACAA presente su acción

---

[38] *Díaz Hernández y otros v. Mapfre y otros,* supra.
[39] En el recurso apelativo KLAN202200628, *supra.*

de subrogación, el foro de primario no podrá desestimar la acción de manera automática. Únicamente procede la desestimación cuando la referida agencia solicite la anulación de la acción civil a través de la presentación oportuna de su acción de subrogación y la correspondiente súplica de declaración de nulidad.[40]

Al amparo de lo expuesto, coincidimos en que el error esgrimido fue cometido. En otras palabras, en la acción del título no procedía la desestimación, puesto que fue el tercero responsable quien solicitó la desestimación ante el incumplimiento con los términos dispuestos en beneficio de la ACAA por la legislación antes mencionada. Según reseñamos, la acción de subrogación no es una medida para favorecer al tercero responsable.[41] Por ello, no nos convence la postura de la parte apelada, quien arguye, que la decisión del caso *Díaz Hernández y otros v. Mapfre y otros*[42] no es aplicable a la acción del título, dado a que allí, distinto a este caso, la ACAA notificó que no iba a intervenir. El hecho de que en el referido caso la parte demandante presentó una correspondencia de la ACAA, no tuvo ninguna incidencia sobre la determinación del Tribunal Supremo. Justipreciamos que, nuestro Alto Foro lo que procuró apuntalar con su decisión es que quien puede pedir que se desestime un caso ante el incumplimiento con los términos dispuestos por la Ley de Protección Social por Accidentes de Vehículos de Motor[43] es la ACAA.

IV

Por los fundamentos que anteceden, se *revoca* la *Sentencia* apelada. En consecuencia, se devuelve el caso al foro primario para la continuación de los procedimientos una vez se notifique el correspondiente Mandato.

---

[40] *Díaz Hernández y otros v. Mapfre y otros,* supra.
[41] *Íd.*
[42] *Supra.*
[43] Ley Núm. 111-2020, *supra.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones